```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MARCUS ANTHONY MICOLO,

                Plaintiff,

      -against-                        ORDER
                                       12-CV-5795(JS)
MICHAEL CAPRA, Superintendent,
Sing Sing Correctional Facility,

                Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:     Marcus A. Micolo, Pro Se
                   03-A-3985
                   Sing Sing Correctional Facility
                   354 Hunter Street
                   Ossining, NY 10562

For Defendant:     No Appearance
```

SEYBERT, District Judge:

  Pro se petitioner Marcus Anthony Micolo ("Petitioner"), currently incarcerated at Sing Sing Correctional Facility, filed this petition on November 19, 2012, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner seeks to challenge his July 17, 2003 judgment of conviction obtained against him in the County Court of the State of the New York, Suffolk County upon a jury verdict finding him guilty of Robbery in the First Degree for robbing a bank while displaying what appeared to be a firearm and of Unauthorized Use of a Motor Vehicle in the First Degree for stealing a car with intent to use it during the commission of a robbery.

  Petitioner challenged his conviction through two motions pursuant to N.Y. Crim Proc. Law § 440.10, both of which were

denied. Petitioner also appealed the judgment of conviction to the Supreme Court of the State of New York, Appellate Division, Second Judicial Department, and, by Order dated June 20, 2006, the Appellate Division, Second Department affirmed the judgment of conviction. See People v. Micolo, 30 A.D.3d 615, 818 N.Y.S.2d 230, 231-32 (App. Div. 2d Dep't 2006). The New York Court of Appeals denied leave to appeal that Order on August 24, 2006. See People v. Micolo, 855 N.E.2d 806, 7 N.Y.3d 815, 822 N.Y.S.2d 490 (2006).

On January 30, 2007, Petitioner filed a petition in this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction, which was denied in its entirety by Memorandum and Order dated August 18, 2010. See Micolo v. State of N.Y., No. 07-CV-0449, 2010 WL 3310721 (E.D.N.Y. Aug. 18, 2010). As set forth below, the Court cannot consider the instant Petition and transfers it to the United States Court of Appeals for the Second Circuit.

Petitioner has already challenged his conviction by filing a habeas corpus petition. See Micolo v. State of N.Y., No. 07-CV-0449, 2010 WL 3310721 (E.D.N.Y. Aug. 18, 2010) (habeas petition challenging conviction denied on the merits). Petitioner sought reconsideration of that denial and also moved to vacate the Court's judgment dismissing his petition, both of which were denied. See Docket Entries dated Oct. 10, 2010 and Aug. 10, 2012. The Antiterrorism and Effective Death Penalty Act of 1996

2

"allocates jurisdiction to the courts of appeals, not the district courts, to authorize successive habeas motions or applications." Torres v. Senkowski, 316 F.3d 147, 151 (2d Cir. 2003); see also Magwood v. Patterson, 130 S. Ct. 2788 (2010). Therefore, Petitioner must move in the United States Court of Appeals for the Second Circuit for permission to pursue this successive Petition for habeas corpus relief. 28 U.S.C. § 2244(b)(3)(A).

Accordingly, in the interest of justice, the Clerk of Court shall transfer this Petition to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. Torres, 316 F.3d at 151-52 (citing Liriano v. United States, 95 F.3d 119 (2d Cir. 1996) (per curiam)). This Order closes this case. If the Circuit authorizes Petitioner to proceed in this matter, he shall move to reopen under this docket number, 12-CV-5795(JS).

                                                 SO ORDERED.

                                                 /s/ JOANNA SEYBERT
                                                 Joanna Seybert, U.S.D.J.

Dated:    January 4, 2013
           Central Islip, New York